IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PENN ENGINEERING & MANUFACTURING CORP., <br><br> *Plaintiff,* <br><br> v. <br><br> PEMCO HARDWARE, INC. *et al.*, <br><br> *Defendants.* | CIVIL ACTION <br> NO. 15-06277 <br><br><br> **MARCH 9, 2016** |

<u>OPINION AND ORDER</u>

On November 23, 2015, Plaintiff PennEngineering & Manufacturing Corp. ("Plaintiff" or "PennEngineering"), a Pennsylvania corporation and global manufacturer in the industrial fastening industry, filed a complaint against Pemco Hardware, Inc. ("Pemco"), Dongguan Fenggang Pemco Hardware Factory, and Shenzhen Pemco Fastening Systems Co., Ltd. (collectively "Defendants"). (ECF No. 1.) The complaint alleges numerous violations of federal statutory law and common law for, *inter alia*, trademark and patent infringement and unfair competition stemming from Defendants' sale of products that are substantially similar to products that PennEngineering has trademarked and patented. (*Id.*)

On that same day, PennEngineering filed a motion for preliminary injunction (the "Motion"), asking the Court to temporarily enjoin Defendants from continuing to market and sell the allegedly infringing products. (ECF No. 2.) PennEngineering attached to the Motion a declaration from Leon Attarian ("Attarian"), Director of Global Marketing, detailing the nature and scope of Defendants' alleged infringement. (*Id.*) On January 20, 2016, PennEngineering filed affidavits of service certifying that it properly served upon Defendants the summons, complaint, and Motion pursuant to the Federal Rule of Civil Procedure. (ECF Nos. 5, 6, 7.)

Defendants failed to respond to either the complaint or the Motion, and no counsel has made an appearance on their behalf.

On February 9, 2016, the Court issued an Order (the "Order") setting a March 8, 2016 hearing date for the Motion and ordering PennEngineering to serve a copy of the Order on Defendants to ensure that they have adequate time to respond to the Motion and are represented at the hearing.  (ECF No. 8.)  PennEngineering served a copy of the Order and another copy of their Motion on Defendant Dongguan Fenggang Pemco Hardware Factory on February 23, 2016. (Exhibit 1.)  Defendants, however, failed to file any response to the Motion, answer the complaint, or secure representation.

On March 8, 2016, Defendants failed to appear at the Hearing.  PennEngineering presented argument on its Motion, which included testimony from Attarian regarding his degree of familiarity with the patents and trademarks in question and certifying the contents of his affidavit.  On that same day, PennEngineering filed a revised proposed preliminary injunction order detailing the relief it seeks from the Court.  (ECF No. 12.)

Up until this point, Defendants—who have been afforded adequate process under the Federal Rules of Civil Procedure—have been absent at all stages of the litigation.  In both the Motion and at the hearing, PennEngineering provided the Court with a detailed account of the alleged infringement and, in turn, demonstrated the likelihood of prevailing on the merits sufficient to warrant a preliminary injunction.  The Court accordingly grants the Motion.

PennEngineering shall promptly serve Defendants with this Opinion and Order.

## Preliminary Injunction Order

Upon due consideration of Plaintiff's complaint, motion for preliminary injunction, and supporting memorandum of law, exhibits and declarations of Attarian, and under the provisions of Fed. R. Civ. P. 65 and 15 U.S.C. §1116;

And it appearing to the Court that PennEngineering manufactures and sells fasteners, fastener components, and fastener installation equipment using the "PEM Family Marks" identified in Schedule A, and that PennEngineering is the owner of valid rights in and to the PEM Family Marks for use in connection with all of the goods and services recited in Schedule A;

And it appearing that PennEngineering manufactures and sells fasteners, fastener components and fastener installation equipment using PennEngineering's "Six Other Trademarks" identified in Schedule B and that PennEngineering is the owner of valid rights in and to the Six Other Trademarks in connection with all of the specific goods and services recited in Schedule B.  PennEngineering's fasteners, fastener components and fastener installation equipment, including all of the goods and services recited in Schedules A and B are collectively referred to as the "Protected Goods and Services";

And it appearing that Pemco Hardware, Inc., Dongguan Fenggang Pemco Hardware Factory, and Shenzen Pemco Fastening Systems Co., Ltd. are selling, offering for sale, distributing and advertising fasteners and fastener components using the "PEMCO Infringing Marks" and the "Six Other Infringing Marks" identified in Schedule C without authorization from PennEngineering;

And it appearing that Defendants are using the PEMCO Infringing Marks and Six Other Infringing Marks as metatags, keywords, and/or searchable text in their domain names and websites in an unlawful manner;

And it appearing that Defendants' activities constitute trademark infringement, false designation of origin, counterfeiting, and dilution under the Lanham Act, and common law trademark infringement and unfair competition, and that unless Defendants are enjoined from the unauthorized use of the PEMCO Infringing Marks and the Six Other Infringing Marks, and any other confusingly similar variations thereof, PennEngineering will suffer immediate and irreparable injury and harm;

And it appearing that PennEngineering is the owner of valid rights in and to the "PEM Patents" identified in Schedule D;

And it appearing that Defendants are making, using, offering for sale, and/or selling in the United States, and/or importing into the United States the "PEMCO Infringing Products" identified in Schedule D without authorization from PennEngineering; and,

And it appearing that Defendants' activities constitute patent infringement under 35 U.S.C. § 271(a),(b) and (c), and unless Defendants are enjoined from making, using, offering for sale, and selling in the United States, and importing into the United States, the PEMCO Infringing Products, and any other infringing products, PennEngineering will suffer immediate and irreparable injury and harm;

### Trademark Infringement & False Description and Designation of Origin

**IT IS HEREBY ORDERED** that Defendants, their respective officers, agents, servants, employees, attorneys, and any of their successors and assigns, and all persons, firms and

corporations, including subsidiaries of related companies, acting in concert with Defendants, are preliminarily enjoined from:

1.     Using the PEMCO Infringing Marks and Six Other Infringing Marks in any manner in connection with the Protected Goods and Services, and/or related goods and services;

2.     Using any mark or tradename that is a colorable imitation of or confusingly similar to the PEM Family Marks and the Six Other Trademarks in connection with the Protected Goods and Services, and/or related goods and services;

3.     Publishing, circulating, distributing, selling, merchandising, or using in any manner (including digital form) any labels, signs, prints, boxes, packages, wrappers, receptacles, advertisements, posters, brochures, handbills, catalogs, publicity releases, magazines, stationary, newspapers, booklets, books, pamphlets, photographs, films, audio recordings, video recordings, T-shirts, and any other items in the possession and/or control of Defendants containing the PEMCO Infringing Marks or Six Other Infringing Marks, or any other mark or tradename that is a colorable imitation of the PEM Family Marks and Six Other Trademarks;

4.     Using the PEMCO Infringing Marks or Six Other Infringing Marks as a metatag, hyperlink, portal keyword, searchable text, or other item associated with any Website including: (1) www.pemcohardware.com; (2) www.pemcomfg.com; (3) www.pemku.com; (4) www.pemcofastening.en.china.cn, or in any manner in connection with any of Defendants' websites;

**AND IT IS FURTHER ORDERED** that:

5.     Defendants shall provide PennEngineering, within five days of the date of service of this Order, evidence showing the change made to each page of any of the Defendants' websites;

5

6.      Defendants shall, within five days of the date of service of this Order, contact each search engine identified in Schedule E and instruct each search engine to delete the PEMCO Infringing Marks and Six Other Infringing Marks as a portal keyword, indexed word/term and/or link for any of Defendants' websites.  Defendants shall provide PennEngineering, within ten days of the date of the date of service of this Order, copies of all correspondence and other evidence showing that Defendants have contacted each search engine in Schedule E in accordance with the terms of this Order;

7.      Defendants shall terminate any existing and refrain from entering into any new contractual relationship with any search engine or website wherein Defendants are an advertiser, sponsored listing or sponsored link in connection with the PEMCO Infringing Marks, the Six Other Infringing Marks, the PEM Family of Marks or the Six Other Trademarks.  Defendants shall provide PennEngineering, within ten days of the date of the date of service of this Order, copies of all correspondence and other evidence showing that Defendants have contacted each of said search engines or websites and has terminated its contractual relationship in accordance with the terms of this Order;

8.      Defendants shall provide PennEngineering with a list of all authorized retailers, distributors, catalogs, or resellers of any kind (collectively "resellers") for its fasteners and fastening components.  Defendants shall contact each reseller and advise it regarding the terms of this Order.  Further, Defendants shall immediately impose on each reseller the restrictions set forth in paragraphs 1-4 of this Order as a condition for continued authorization to resell Defendants' fasteners and fastener components.  Defendants shall not advertise with or sell its fasteners and fastener components through any reseller that is not in compliance with paragraphs 1-4 of this Order.

9.      Defendants shall provide PennEngineering, within two weeks of the date of service of this Order, copies of all correspondence and other evidence showing the steps taken by Defendants to correct advertising in accordance with the terms of this Order, including providing to PennEngineering a listing of all media containing advertisements for its fasteners and fastener components and/or the PEMCO Infringing Marks and Six Other Infringing Marks, and each company contacted by Defendants in connection therewith;

10.     Defendants shall provide PennEngineering for its review and inspection, copies of all materials, advertisements, and other media, which have been changed or created pursuant to this Order, prior to distribution of such media to the public; and,

11.     Defendants shall adopt new trademarks that do not include the PEMCO Infringing Marks or the Six Other Infringing Marks, and are not otherwise confusingly similar to the PEM Family Marks and Six Other Trademarks.

## **Patent Infringement**

**AND IT IS HEREBY FURTHER ORDERED** that Defendants, their respective officers, agents, servants, employees, attorneys, and any of their successors and assigns, and all persons, firms and corporations, including subsidiaries of related companies, acting in concert with Defendants, are preliminarily enjoined from:

12.     Making, using, offering for sale, or selling in the United States, or importing into the United States the PEMCO Infringing Products identified in Schedule D; and,

13.     Making, using, offering for sale, or selling in the United States, or importing into the United States any product that infringes any claim of the PEM Patents.

**AND IT IS FURTHER ORDERED** that:

14.     Defendants shall send notice of this Order, including a copy of it, to all of its customers, within five working days of the day of this Order;

15.     Defendants shall recall from its customers any and all unsold PEMCO Infringing Products and any and all unsold products that infringe the PEM Patents;

16.     Defendants shall surrender to PennEngineering all of Defendants' inventory of PEMCO Infringing Products and any products that infringe the PEM Patents; and,

### Domain Names

**AND IT IS HEREBY FURTHER ORDERED** that Defendants, their respective officers, agents, servants, employees, attorneys, and any of their successors and assigns, and all persons, firms and corporations, including subsidiaries of related companies, acting in concert with Defendants, are preliminarily enjoined from:

17.     Using the following domain names in any manner in connection with any of Defendants' websites: (1) www.pemcohardware.com; (2) www.pemcomfg.com; (3) www.pemku.com; and (4) www.pemcofastening.en.china.cn. (the "Infringing Domain Names");

18.     Using any domain name that is a colorable imitation of or confusingly similar to the PEM Family Marks and the Six Other Trademarks in connection the Protected Goods and Services, and/or related goods and services;

19.     Using the PEM Family of Marks and Six Other Trademarks within a domain name, domain name extension, as metatag or other marker within website source code, on any webpage (including as the title of any web page), as an advertising link to other websites, in any search engine database or cache memory, or in any other form of use which is visible to a computer user or serves to direct computer searches to websites registered by, owned, or

operated by any of the Defendants, including the Internet websites operating under the Infringing Domain Names;

**AND IT IS FURTHER ORDERED** that:

20.     Each Defendant shall not transfer ownership of the Infringing Domain Names during the pendency of this Action, or until further Order of the Court;

21.     The domain name Registrars for the Infringing Domain Names are directed to transfer to Plaintiff's counsel, for deposit with this Court, domain name certificates for the Infringing Domain Names;

22.     Upon Plaintiff's request, the privacy protection service for any of the Infringing Domain Names for which the registrant uses such privacy protection service to conceal the registrant's identity and contact information are ordered to disclose to Plaintiff the true identities and contact information of those registrants;

23.     Upon entry of this Order, Plaintiff shall provide a copy of the Order by e-mail to the registrar of record for each of the Infringing Domain Names.  Upon receipt of this Order, the registrar of record of each of the Infringing Domain Names shall immediately lock each of the Infringing Domain Names; shall notify, each registrant of record of the Order; and shall provide notice of the locking of the domain name to the registrant of record.  After providing such notice to the registrars so the domain names may be locked, Plaintiff shall also provide notice and a copy of this Order to the registrant for each Infringing Domain Name via e-mail to the e-mail address provided as part of the domain registration data for each of the Infringing Domain Names.  If an e-mail address was not provided as part of the domain registration data for an Infringing Domain Name, Plaintiff shall provide notice and a copy of this Order to the operators

of the Internet websites via an onsite e-mail address and/or online submission form provided on the Internet websites operating under such Infringing Domain Names;

24.     The domain name registrars for the Infringing Domain Names shall immediately assist in changing the registrar of record for the Infringing Domain Names to a holding account with a registrar of Plaintiff's choosing (the "New Registrar").  To the extent the registrars do not assist in changing the registrars of record for the domains under their respective control within one (1) business day of receipt of this Order, the top-level domain (TLD) registries for the Infringing Domain Names, or their administrators, including backend registry operators or administrators, within five (5) business days of receipt of this Order, shall change, or assist in changing, the registrar of record for the Infringing Domain Names to a holding account with the New Registrar.  Upon the change of the registrar of record for the Infringing Domain Names, the New Registrar will maintain access to the Infringing Domain Names in trust for the Court during the pendency of this action.  Additionally, the New Registrar shall immediately institute a temporary 302 domain name redirection which will automatically redirect any visitor to the Infringing Domain Names to a Uniform Resource Locator ("URL") at http://servingnotice.com whereon copies of the Complaint and all other documents on file in this action are displayed. Alternatively, the New Registrar may update the Domain Name System ("DNS") data it maintains for the Infringing Domain Names, which link the domain names to the IP addresses where their associated websites are hosted, to NS1.MEDIATEMPLE.NET and NS2.MEDIATEMPLE.NET, which will cause the domain names to resolve to the website where copies of the Complaint, this Order, and all other documents on file in this action are displayed. After the New Registrar has effected this change, the Infringing Domain Names shall be placed

on lock status, preventing modification or deletion of the domains by the New Registrar or Defendants;

25.     As a matter of law, this Order shall no longer apply to any Defendant or associated domain name dismissed from this action or as to which Plaintiff has withdrawn its Motion for Preliminary Injunction;

26.     Plaintiff may enter the Infringing Domain Names into Google's Webmaster Tools and cancel any redirection of the domains that have been entered there by Defendants, which redirect traffic to the infringing websites to a new domain name or website and thereby evade the provisions of this Order;

27.     Each Defendant shall preserve copies of all computer files relating to the use of any of the Infringing Domain Names and shall take all steps necessary to retrieve computer files relating to the use of the Infringing Domain Names that may have been deleted before the entry of this Order;

28.     This Permanent Injunction Order shall apply to the Infringing Domain Names, associated websites, and any other domain names and websites properly brought to the Court's attention and verified by sworn affidavit that such new domain names are being used by Defendants for the purpose of infringing or counterfeiting the PEM Family of Marks and Six Other Trademarks at issue in this action and/or unfairly competing with Plaintiff on the World Wide Web;

29.     Defendants shall file a written report with the Court that details Defendants' compliance with all provisions in this Order within 30 days after the date of this Order.

This Preliminary Injunction Order shall become effective immediately without any bonding requirement.

11

BY THE COURT:


*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

# Exhibit 1

**Joseph M. Konieczny, Sr.**

| | |
|---|---|
| **From:** | UPS Quantum View [pkginfo@ups.com] |
| **Sent:** | Tuesday, February 23, 2016 12:53 AM |
| **To:** | jkonieczny@jmkpc.com |
| **Subject:** | UPS Delivery Notification, Tracking Number 1ZX183Y30496773451 |

[中文] [English]

您的包裹已递送。

| | |
|---|---|
| 递送日期： | 星期二, 2016/02/23 |
| 递送时间： | 01:46 PM |

根据以下方要求： RYDER, LU, MAZZEO & KONIECZNY,, **本通知确**认以下货件已送达。

## 货件详情

| | |
|---|---|
| 包裹追踪号： | **1ZX183Y30496773451** |
| 运输至： | Mr. Jason<br>Dongguan Fenggang Pemco Hardware Fa<br>JIN FENG HUANG DIST VLG<br>DONGGUAN, NONE 523730<br>CN |
| **UPS 服务：** | UPS SAVER |
| 包裹数： | 1 |
| 重量： | 0.5 LBS |
| 递送地点： | OFFICE |
| 签字人： | MS LEE |
| 参考编号 1： | PEM-LP001 |

[中文] [English]

**Your parcel has been delivered.**

**Delivery Date:**   Tuesday, 2016/02/23

**Delivery Time:**   01:46 PM

At the request of RYDER, LU, MAZZEO & KONIECZNY,, this notice is to confirm that the following shipment has been delivered.

# Shipment Detail

| | |
|---|---|
| **Tracking Number:** | 1ZX183Y30496773451 |
| **Ship To:** | Mr. Jason<br>Dongguan Fenggang Pemco Hardware Fa<br>JIN FENG HUANG DIST VLG<br>DONGGUAN, NONE 523730<br>CN |
| **UPS Service:** | UPS SAVER |
| **Number of Packages:** | 1 |
| **Weight:** | 0.5 LBS |
| **Delivery Location:** | OFFICE |
| **Signed by:** | MS LEE |
| **Reference Number 1:** | PEM-LP001 |

© 2016 United Parcel Service of America, Inc. UPS 字样、UPS 品牌标志及其标志性棕色均为 United Parcel Service of America, Inc. 的商标。保留所有权利。

出现在 UPS 服务中的所有相关商标、商品名称或服务标志均归其各自所有者所有。

请勿直接回复本电子邮件。UPS 将不会收到任何回复邮件。
如需了解 UPS 隐私惯例的更多信息，请参阅 UPS 隐私声明。
如有问题或意见，请访问"联络 UPS"。

本邮件包含专有信息，可能属于保密内容。
如果您不是预期收件人，则严禁阅读、复制、披露或以其它方式使用本电子邮件的内容，且务必请您立即删除本电子邮件。

UPS 隐私声明

联络 UPS



**Schedule A**
**PennEngineering's PEM Family of Marks**

| Mark | Registration Number | Registration Date | Incontestability Date | Goods & Services |
|---|---|---|---|---|
| PEM | 732,947 | 6/19/1962 | 10/25/1984 | Drill bushings and self-clinching nuts, fasteners, studs and stand-offs |
| PEM | 1,177,822 | 11/17/1981 | 8/3/1987 | Broaching-type captive fasteners-namely, broaching-type captive fasteners with internal threads, broaching-type captive standoffs with and without internal threads, broaching-type captive solder terminals, broaching-type captive studs, broaching-type captive panel fasteners and metallic inserts. |
| PEM | 1,403,759 | 8/5/1986 | 8/12/1991 | Metal fasteners |
| PEM | 2,758,505 | 9/2/2003 | 9/2/2009 | Panel fasteners, namely self-clinching, snap-in floating and hybrid panel fasteners |
| PEM▽ | 889,244 | 4/14/1970 | 4/14/2010 | Self-clinching fasteners, self-locating weld fasteners, and self-clinching drill bushings |
| PEM▽ | 1,043,967 | 7/20/1976 | 11/9/1981 | Presses for installing fasteners or the like and also for parts of said presses |
| PEM▽ | 1,092,108 | 7/25/1983 | 5/30/2015 | Panel fastener assemblies and spring loaded plunger assemblies |
| PEM▽ | 1,113,034 | 2/13/1979 | 4/23/1984 | Electrical terminals and electrical grounding stand-offs |

| | | | | |
|---|---|---|---|---|
| **PEM** (logo) | 4,331,371 | 5/7/2013 | n/a | Fasteners made of metal, namely, nuts, weld nuts, studs, pins, standoffs, rivets and inserts, cable-tie mounts and hooks for sheet metal; self-clinching panel fasteners made of metal or mostly of metal; panel fasteners and panel fastener assemblies made of metal or mostly of metal; sheet-metal fasteners made of metal; fasteners made of metal or mostly of metal for mounting into printed circuit boards; micro fasteners made of metal for use in the consumer electronics industry |
| PEMFLEX | 937,397 | 7/11/1972 | 7/11/2012 | Fasteners, i.e., nuts |
| PEMHEX | 781,236 | 12/8/1964 | 12/8/2004 | Fasteners |
| PEMSERT | 883,650 | 1/6/1970 | 1/6/2010 | Inserts |
| PEMSERTER | 1,365,248 | 10/15/1985 | 6/3/1991 | Power-operated presses for installing fastener |
| PEMSERTER MICRO-MATE | 1,433,571 | 3/24/1987 | 7/2/1992 | Non-powered hand presses for punching holes and installing fasteners for use in sheet metal |
| PEMSERTER and triangle composite | 3,567,528 | 1/27/2009 | 2/9/2015 | Power-operated presses for installing fasteners |
| PEM SP | 3,270,807 | 7/31/2007 | 8/5/2013 | Metal fasteners |
| PEM300 | 1,444,862 | 6/30/1987 | 10/20/1992 | Sheet Metal Fasteners |
| AUTOPEM | 4,296,186 | 2/26/2013 | n/a | Metal fasteners, namely, nuts, bolts, screws, rivets, standoffs, clinching fasteners; metal threaded fasteners |

| | | | | |
|---|---|---|---|---|
| MICROPEM | 4,250,883 | 11/27/2012 | n/a | Metal fasteners, namely, nuts, bolts, screws, rivets, standoffs, clinching fasteners; metal threaded fasteners |
| AEROPEM | 4,298,838 | 3/5/2013 | n/a | Metal fasteners, namely, nuts, bolts, screws, rivets, standoffs, clinching fasteners; metal threaded fasteners |

### Schedule B
### PennEngineering's Six Other Trademarks

| Mark | Registration Number | Registration Date | Incontestability Date | Goods & Services |
|---|---|---|---|---|
| The "Blue Locking Element Mark" | 1,449,260 | 7/28/1987 | 10/30/1992 | Self-clinching locking nuts |
| The "Shoulder Flare Mark" | 4,037,181 | 10/11/2011 | n/a | Metal threaded fasteners, namely, panel fasteners with heads of metal and panel fasteners with heads of metal and plastic |
| The "Pedestal Mark" | 4,293,597 | 2/19/2013 | n/a | Metal fasteners, namely, clinch fastener for mounting two sheets or panels in perpendicular orientation |
| SNAPTOP | 1,418,142 | 11/25/1986 | 4/2/1992 | Metal fasteners used to separate and hold printed circuit boards |
| SPOTFAST | 3,341,727 | 11/20/2007 | 9/30/2013 | Metal fasteners, namely, a clinch-attached stud for joining two metal sheets |
| REELFAST | 3,002,446 | 9/27/2005 | 11/8/2011 | Metal fasteners supplied on tape reels for surface mounting to circuit boards |

### Schedule C
### Defendants' PEMCO Infringing Marks and Six Other Infringing Marks

| PennEngineering's Registered Mark | Registration Number(s) | Defendants' Infringing Mark(s) and Domain Names |
|---|---|---|
| PEM<br><br>PEM Family of Marks | 732,947<br>1,177,822<br>1,403,759<br>2,758,505<br>781,236<br>883,650<br>889,244<br>1,043,967<br>1,092,108<br>1,113,034<br>4,331,371<br>937,397<br>1,365,248<br>1,433,571<br>1,444,862<br>3,270,807<br>3,567,528<br>4,296,186<br>4,250,883<br>4,298,838 | PEMCO – Exhibit 15<br>PEMCO HARDWARE, INC – Exhibit 15<br>PEMCO FASTENING SYSTEMS – Exhibit 15<br>PEMKU – Exhibit 16<br>SHENZHEN PEMCO FASTENING SYSTEM CO, LTD. – Exhibit 18<br>DONGGUAN CITY FENGGANG PEMCO HARDWARE FACTORY – Exhibit 16<br>MICROPEM – Exhibit 26<br>www.pemcohardware.com – Exhibit 15<br>www.pemcomfg.com – Exhibit 16<br>www.pemku.com – Exhibit 17<br>www.pemcofastening.en.china.cn – Exhibit 18 |
| The "Shoulder Flare Mark" | 4,037,181 | <br>Exhibit 19<br>Used on PK11, PK12 panel fastener |
| The "Blue Locking Element Mark" | 1,449,260 | <br>Exhibit 20<br>Used on PL and PLC hex nylon-inserted nuts |

| The "Pedestal Mark" | 4,293,597 | <br>Exhibit 21<br>Used on Type RA and RAS steel threaded right angle fastener |
|---|---|---|
| SPOTFAST | 3,341,727 | SPOTFAST – Exhibit 22 |
| SNAPTOP | 1,418,142 | SNAP-TOP – Exhibit 23 |
| REELFAST | 3,002,446 | REELFAST – Used on SMT panel fasteners<br>Exhibit 29 |

**Schedule D**
**PennEngineering's Patents and**
**Defendants' Infringing Products**

| Penn Engineering's Patent No. | Pemco Hardware Infringing Product Name | Exhibit No. Showing Infringing Product |
|---|---|---|
| 7,374,381 | Type SF Spotfast Fasteners | 25 |
| 8,297,899 | Type T microPEM Tackpin Fasteners | 26 |
| D461,705 | Type TDO Self Clinching Cable Tie Hooks | 27 |
| 5,810,501 | RAA Aluminum Self-Taping Right Angle Fastener | 28 |
| 7,213,321 | Reelfast SMT Fastener | 29 |

**Schedule E**
**Search Engines**

20SEARCH
ACCLAIM SEARCH
ALIWEB
ALL THE WEB
ALTAVISTA
AMNESI
AOL
ASK
DOGPILE
EBAY
EXCITE
GIGABLAST
GOOGLE
GO
HOTBOT
INFO HIWAY
IWON
LINK CENTRE
LINKS2GO
LYCOS
MAMMA
MSN
NETSCAPE
SCRUB THE WEB
SEARCH.COM
SNAP
WEBCRAWLER
WHAT-U-SEEK
YAHOO
Any other search engine known by Defendants

## CERTIFICATE OF SERVICE

I, Joseph M. Konieczny, Sr., hereby certify that on the date set forth below a copy of the foregoing document entitled Revised Proposed Preliminary Injunction Order were served via first-class, postage-prepaid mail to the following:

**Pemco Hardware, Inc.**
**Dongguan Fenggang Pemco Hardware Factory**
**Shenzhen Pemco Fastening Systems, Co. Ltd.**
1122 Cleghorn Drive
Diamond Bar, CA 91765

Courtesy copies of said documents were also served via first-class, postage mail and via overnight courier to the following:

**Dongguan Fenggang Pemco Hardware Factory**
2nd Floor of Building A, Jinpeng Industrial Park
#96 Jincheng Road, Jingfenghuang Industrial Zone
Fenggang Town, Dongguan City, Guangdong Province
P.R. China 523688

**Shenzhen Pemco Fastening Systems, Co. Ltd.**
5th Floor of 20th Building, Quangpian Industrial Zone
Taoyuan Street, Xili Town, Nanshan District, Shenzhen
P.R. China

Date: March 8, 2016                           /s/ Joseph M. Konieczny, Sr.