IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PENN ENGINEERING & MANUFACTURING CORP., <br><br> *Plaintiff,* <br><br> v. <br><br> PEMCO HARDWARE, INC. *et al.*, <br><br> *Defendants.* | CIVIL ACTION <br> NO. 15-06277 <br><br><br> **NOVEMBER 7, 2017** |

**MEMORANDUM**

The Defendants and those related to and acting in concert with them continue to infringe Penn Engineering and Manufacturing Corporation's patents and trademarks on various fasteners and accessories. By doing so, they are in violation of the Court's March 9, 2016 Preliminary Injunction issued against Pemco Hardware, Inc., Dongguan Fenggang Pemco Hardware Factory, and Shenzhen Pemco Fastening Systems (collectively "Pemco").[1] (ECF No. 15.)

I

On October 16, 2017, Penn Engingeering filed a motion to modify the Preliminary Injunction Order to include the entities Pinconn, Pinconn Hardware Factory, and Dongguan Fenggang Pinconn Hardware Factory (collectively "Pinconn"), who are alleged to be selling the same and many new infringing products through a new website, www.pinconn.com. (ECF No. 16.) Penn Engineering filed that motion after learning that Pinconn was registered as an exhibitor at the 2017 International Fastener Expo ("IFE") in Las Vegas, Nevada.

---

[1]   The facts of this case are set forth in the Court's March 9, 2016 Memorandum. (ECF No. 15.)

1

The Court denied the "motion to modify" because it was not necessary; the Preliminary Injunction applies to Pemco and all persons, firms and corporations, including subsidiaries of related companies acting in concert with Pemco. (ECF No. 17.) The Court's Injunction prohibits any such person or entity from: (1) using Plaintiff's trademarks; (2) using "any mark or tradename that is a colorable imitation of or confusingly similar" to Plaintiff's marks; (3) "[p]ublishing, circulating, distributing, selling merchandising, or using in any manner (including digital form) any labels, signs, prints,…advertisements, posters, brochures, handbills, catalogs,…booklets…and any other items in the possession and/or control of Defendants containing" Plaintiff's marks "or any other mark or tradename that is a colorable imitation of" those marks; (4) "making, using, offering for sale, or selling in the United States, or importing into the United States the PEMCO Infringing Products," or "any product that infringes any claim of the PEM patents;" or (5) "[u]sing any domain name that is a colorable imitation of or confusingly similar to the PEM Family Marks and the Six Other Trademarks in connection the Protected Goods and Services, and/or related goods and services." (ECF No. 17.)

The Court also explained that the Preliminary Injunction applies to "the Infringing Domain Names, associated websites, and any other domain names and websites properly brought to the Court's attention and verified by sworn affidavit that such new domain names are being used by Defendants for the purpose of infringing or counterfeiting the PEM Family of Marks and Six Other Trademarks at issue in this action and/or unfairly competing with Plaintiff on the World Wide

Web." (ECF No. 17.) Based on the relief sought, the Court informed Penn Engineering that the proper remedy was not to seek modification of the Preliminary Injunction, but rather to move to hold Pinconn in contempt of it. See 11A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2956 (3d ed. 2005). Penn Engineering has now filed a motion to have Pinconn found in contempt of the Preliminary Injunction after discovering that Pinconn is registered to appear as an exhibiting vendor at the Medical Design & Manufacturing tradeshow in Minneapolis, Minnesota on November 8 and 9, 2017. (ECF No. 18.)

The Court held a hearing on Penn Engineering's motion on November 7, 2017. Penn Engineering provided evidence that its representatives attended the IFE Expo in Las Vegas and observed Pinconn's trade show booth, which included promotional and advertising material that infringed Penn Engineering's trademarks and patents. (ECF No. 18-17; 18-19.) In Las Vegas, counsel for Penn Engineering gave Pinconn representative Julia Li a copy of the Preliminary Injunction Order and all previously-filed pleadings in this case. (ECF No. 18-17.) Counsel photographed samples of products distributed by Pinconn and evidence that those products infringe Penn Engineering's trademarks. (ECF No. 18-18.)

At the hearing, counsel also introduced into evidence proof of a shared identity between Pemco and Pinconn, a compilation of trademarks being infringed on Pinconn's website, www.pinconn.com, Pinconn's infringing marks and domain names, a sample of Penn Engineering's patents and Pinconn's infringing products, and samples from

Pinconn's website showing direct copying of Penn Engineering's online catalogs. (ECF No. 18-1, Tables 1–5.)

II

Federal courts have the power to punish contemnors "by fine or imprisonment, or both, at its discretion…." 18 U.S.C. § 401; *see also Michaelson v. United States ex rel. Chi., St. Paul, Minneapolis & Omaha Ry. Co.*, 266 U.S. 42, 65 (1924) ("That the power to punish for contempts is inherent in all courts [ ] has been many times decided and may be regarded as settled law."). "Civil contempt sanctions are remedial in nature and designed to coerce compliance with a court order or to compensate the injured party." *United States v. Baker Funeral Home, Ltd.*, 196 F.Supp. 3d 530, 549 (E.D. Pa. July 13, 2016) (citing *Roe v. Operation Rescue*, 919 F.2d 857, 868 (3d Cir. 1990)). A party seeking a civil contempt order must establish: "(1) a valid court order existed, (2) the [allegedly defiant individual] had knowledge of the order, and (3) [he or she] disobeyed the order." *Harris v. City of Philadelphia*, 47 F.3d 1311, 1326 (3d Cir. 1995). These three elements must be proved by "clear and convincing" evidence, and "ambiguities must be resolved in favor of the party charged with contempt." *Baker Funeral Home*, 196 F.Supp. 3d at 549 (citing *Robin Woods Inc. v. Woods*, 28 F.3d 396, 399 (3d Cir. 1994)).

Pinconn is in contempt of the Court's March 9, 2016 Preliminary Injunction Order. That Order was validly issued by this Court, and Pinconn knew of it. Counsel stated that he previously emailed to Pinconn a copy of the Preliminary Injunction at julia@pinconn.com and pemco@163.com, and gave copies of the Order and all previously-filed pleadings from this case to Ms. Li at the IFE trade show. (ECF No. 18-

4

17.) Based on the evidence provided, it is clear that Pinconn is the same entity as Pemco under a different name or is acting in concert with Pemco. Pinconn's conduct violates the Preliminary Injunction.

BY THE COURT:

 /s/ *Gerald J. Pappert*

GERALD J. PAPPERT, J.